On Application for Rehearing

COOK, Justice.
The opinion of April 8, 1994, is withdrawn, and the following is substituted therefor. [1]
The plaintiff, Harry Jemison, doing business as Mr. Jay’s, Inc., operates a convenience store in Mobile. He appeals a summary judgment for the defendant Scottsdale Insurance Company on his claims of fraud and bad faith failure to pay an insurance claim.[1] We affirm.
Jemison purchased a multiperil “grocery store” insurance policy in 1990. He purchased his policy through Luna Jennings, and his insurance was placed with the Scottsdale Insurance Company. In the summer of 1990, Jemison’s store building and two gasoline pumps located on the premises were damaged in a windstorm. He notified Scottsdale of the damage in August; he concedes that an adjuster came to investigate the damage soon thereafter.
It appears that Scottsdale paid Jemison $21,541.49 for the damage to his budding; however, the initial check did not include payment for the damaged gasoline pumps. Jemison telephoned Scottsdale in November or December regarding the coverage of the pumps and spoke with Kathy Finley, Scottsdale’s senior claims examiner. Jemison claims that he was first told by Finley that the policy did not cover the damage to the gasoline pumps; however, he says she later advised him that the pumps were covered. On December 7, Jemison’s attorney wrote Scottsdale, demanding $6,165 to cover the damage to the pumps. Finley responded with a check in the amount of $3,082.50. A letter referring to the check stated:
“Dear [attorney]:
“Per our telephone conversation of December 19, 1990, the insured’s policy application indicates that the insured had two gas pumps on premises. Therefore, as the gas *1390 pumps were listed on the application, we will be extending coverage for these items. “Scottsdale Insurance Company will be forwarding, under separate cover, to your attention a check in the amount of $3,082.50. This amount represents the amount of the proposal submitted by Mike Hoffman’s Equipment Service, Inc. less 50% depreciation. Betterment was applied on the basis that the majority of the estimate encompasses replacement of the suction pumps, console and power center and pulsers.
“Should Mr. Jemison contend that the foregoing amount does not adequately compensate him for the loss in question, all options under the policy remain at his disposal. Acceptance of this check will not waive any of his rights and defenses under the above named policy of insurance. “Scottsdale Insurance Company expressly reserves all of its rights and defenses under this policy of insurance. This letter is not to be construed in any way as a waiver of any of the rights and defenses ... Scottsdale Insurance Company possesses under this policy of insurance.”
Scottsdale contends that it received no response from Jemison after it mailed that letter and that in January it was served with Jemison’s complaint alleging bad faith failure to pay, fraud, and breach of contract. The trial court granted Scottsdale’s motion for a summary judgment on Jemison’s claims of fraud and bad faith failure to pay an insurance claim, and certified the summary judgment as final, pursuant to Rule 54(b), Ala. R.Civ.P.
This Court need look no further than the letter quoted above to conclude that the trial court properly entered the summary judgment for Scottsdale. Clearly, the letter states, “Should Mr. Jemison contend that the foregoing amount does not adequately compensate him for the loss in question, all options under the policy remain at his disposal.” Without even notifying Scottsdale that he was dissatisfied with the payment made on the claim, Jemison sued.
Scottsdale made a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Jemi-son did not rebut that showing. We affirm the summary judgment.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
MADDOX, ALMON, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. Although Jemison appealed the trial court's ruling with regard to his claim of fraud, nothing in the briefs addresses that claim. Therefore, this Court will not address that claim.